**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESUS VALENCIA,

               Petitioner - Appellant,

    v.

ANTHONY HEDGPETH, Warden,

               Respondent - Appellee.

No. 10-17092

D.C. No. 3:08-cv-01144-MHP

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted April 16, 2012
San Francisco, California

Before: REINHARDT and MURGUIA, Circuit Judges, and EZRA, District
Judge.[**]

    California state prisoner Jesus Valencia appeals the district court's denial of

his petition for a writ of habeas corpus. Valencia was convicted of two counts of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable David A. Ezra, District Judge for the U.S. District
Court for Hawaii, sitting by designation.

continuous sexual abuse and two counts of forcible lewd conduct for the sexual molestation of his three younger sisters. He contends that he was denied the effective assistance of counsel when his attorney failed to object to the admission of his confession, which he claims was coerced, and to the admission of certain "red stain" evidence that the prosecution employed to allege during its closing that Valencia had raped his 14-year old sister. Because the California Court of Appeal denied Valencia's claims on the merits, the Antiterrorism and Effective Death Penalty Act of 1996 precludes federal habeas relief unless its decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Valencia does not contend that the state court's decision was "contrary to" clearly established law, only that it was an "unreasonable application" of Supreme Court precedent.

The state court determined that, because his confession was not coerced, Valencia was not deprived of the effective assistance of counsel when his attorney failed to object to its admission. This conclusion did not represent an unreasonable application of clearly established law. The detectives who elicited Valencia's confession made a number of statements that approached, and may have crossed, the line of propriety. It was not, however, unreasonable for the state court to

2

conclude that, considering the "totality of all the surrounding circumstances" –

including the facts that Valencia came voluntarily to the interview and was told

that he could leave at any time – his will was not overborne. *Schneckloth v.*

*Bustamonte*, 412 U.S. 218, 226 (1973); *see Brown v. Horell*, 644 F.3d 969, 981-82

(9th Cir. 2011) (holding not to be unreasonable the state court's determination that

a habeas petitioner had not been coerced by a polygraph examiner's statements that

he would need to tell the truth in order to see his unborn child).

Likewise, the state court's determination that Valencia was not deprived of

the effective assistance of counsel when his attorney failed to object to the

admission of the "red stain" evidence was not unreasonable. The state court held

that Valencia had not established a "reasonable probability" that the result in his

trial would have been different but for his counsel's purported error. *See*

*Strickland v. Washington*, 466 U.S. 668, 694 (1984). The prosecution's suggestion

that the jury should convict Valencia because uncharged, unprovable and highly

inflammatory conduct showed that "a whole lot more is going on here" was

undoubtedly improper. *See Sechrest v. Ignacio*, 549 F.3d 789, 809 (9th Cir. 2008).

There was, however, also extremely inflammatory evidence of other conduct by

petitioner before the jury. Moreover, because Valencia had confessed to one act of

lewd conduct, there was significant evidence from which the jury could infer that

3

he had the requisite lascivious intent with respect to all three of his sisters.  The state court's conclusion that he was not prejudiced when the prosecution made these improper allegations during its closing argument was therefore not objectively unreasonable.  *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.") (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

**AFFIRMED.**